UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION
*Electronically Filed*

| | |
|---|---|
| KENTUCKY LODGE NO. 681, INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL-CIO, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Cause No. 4:21-cv-66 |
| DYLAN ANDERSON, | ) ) |
| v. | ) ) |
| COOK COMPRESSION/A DOVER COMPANY, | ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY RELIEF

Kentucky Lodge No. 681 of the International Association of Machinists and Aerospace Workers, AFL-CIO ("Lodge 681") respectfully seeks declaratory relief, pursuant to 28 U.S.C. § 2201, in the parties' dispute as to arbitrability pursuant Section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185, and would allege as follows:

### PARTIES

1. Lodge 681 ("Union") is the exclusive bargaining representative of all production and maintenance employees at Cook Compression's Jeffersonville facility ("Facility") and is a "labor organization" as defined by the LMRA, 29 U.S.C. § 152 (5). The Union is an Unincorporated Labor Association.

2. Cook Compression/A Dover Company ("Employer" or "Cook") is a Corporation with its principal place of business in Texas. Cook maintains a manufacturing facility at 2540 Centennial Boulevard, Jeffersonville, Indiana and is an "Employer" as defined by the LMRA, 29 U.S.C. § 152 (2).

3. Dylan Anderson ("Anderson") is an employee of Cook as defined by the LMRA, 29 U.S.C. § 152(3). He is being joined as a party having a personal interest in the outcome of this suit, involving common facts and law.

4. At all times relevant, Lodge 681 and Cook were parties to a collective bargaining agreement ("CBA"), in effect from March 4, 2018 to February 27, 2021. Anderson is a member of the bargaining unit as defined by the CBA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this declaratory action pursuant to 28 U.S.C. § 1331 and 1367, as the action arises under federal law, 29 U.S.C. § 185.

6. Venue is appropriate as the collective bargaining relationship and dispute at issue arises in this judicial district. 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

7. Mr. Dylan Anderson was a Cook employee and a member of the bargaining unit at the Facility. Mr. Anderson is a self-professed member of the American Nazi Party. "Nazi Political Applications Are Being Handed Out in Indiana," Newsweek, March 12, 2021.

8. In the summer of 2020, Mr. Anderson engaged in off-duty public speech and political activity, advocating racial segregation in the workplace and subversive political activities against the United States government. Those activities received media attention, and Mr. Anderson spoke openly with media outlets about his Nazi political beliefs.

9. Anderson confirmed to his Employer that he handed out pamphlets that included the words "be a part of the solution" emblazoned over a Swastika. Anderson admitted to his Employer to wearing a Nazi arm band while handing out pamphlets expressing Nazi propaganda.

10. As a result of his activities, Cook received negative public attention and, upon information and belief, a limited number of employees of Cook expressed their concerns to their Employer about unsafe and/or uncomfortable working condition for employees that are of different races or faith. According to Cook, several employees called off work in fear that Nazis would show up at the facility.

11. Upon information and belief, Mr. Anderson's actions and the publicity of those actions caused harm to Cook's reputation and goodwill and, therefore, its ongoing operations.

12. On August 11, 2020, Cook terminated Mr. Anderson's employment.

13. Following Mr. Anderson's termination, Lodge 681 initiated and subsequently completed the three-step grievance procedure outlined in the CBA between the parties. The parties were unable to resolve their dispute during the grievance process.

14. As per the CBA, the next step in the contractual grievance procedure between the parties is arbitration. Lodge 681 has demanded arbitration.

15. Cook has refused to arbitrate the matter raising several issues, some of which are arguably contractual, but relying principally on the fact that Anderson's activity off its premises is not covered by the CBA.

16. In the past, Cook has recognized its contractual obligation to arbitrate disputes within the scope of the CBA and has abided by that obligation in a manner consistent with the peaceful resolution of workplace disputes.

17. By refusing to arbitrate, Cook asserts that the Anderson termination is a legal matter, rather than a matter within the scope of the CBA for an arbitrator.

18. In September 2020, Cook held meetings with bargaining unit employees, showing them inflammatory information about Nazism and asking them to turn against Lodge 681 for demanding arbitration over Anderson's termination. These meetings created a great deal of strife between workers at the Cook facility and undermined peaceful labor relations.

19. Lodge 681 has a duty to fairly represent members of the bargaining unit, including Mr. Anderson, involving issues arising pursuant to the CBA. However, Lodge 681 also agrees with Cook that this matter implicates matters beyond the scope of the CBA and, thus, beyond arbitration. Given this conflict, Lodge 681 requires the Court's declaration of the parties' obligations in this circumstance.

## DECLARATORY ACTION

20. Collective bargaining agreements govern the terms and conditions of employment for bargaining unit members. Federal law promotes collective bargaining as a means to promote harmony between employers and employees in the workplace in aid of interstate commerce.

21. Collective bargaining obligations imposed by federal law on employers and labor organizations do not, however, require those parties to take positions on political matters.

22. Historically, Congress has been careful to exclude from the mandates of collective bargaining those activities undertaken by workers which are antithetical to national security and the peaceful resolution of industrial conflict. *See* 29 U.S.C. § 504(a) (prohibiting a Communist party member for holding any position in a labor organization other than membership).

23. Further, Mr. Anderson owed to Cook a duty of loyalty, the foundation of which is outside the four corners of the CBA.

24. Mr. Anderson's off-duty activities are beyond the zone of interests covered by the CBA and, as such, his termination is a rare example of a dispute not subject to arbitration as provided by the agreement.

25. This Court has the power to declare the rights of the interested parties pursuant to 28 U.S.C. § 2201.

26. In the context of labor disputes, arbitrators interpret and apply the terms of the parties' negotiated contract. However, the providence of the Court is "to ascertain[] whether the party seeking arbitration is making a claim which on its face is governed by the contract." *United Steelworkers of Am. v. Am. Mfg. Co.*, 363 U.S. 564, 568 (1960). An Arbitrator is bound by the terms of the collective bargaining agreement. *Id.*

27. In other words, arbitrators decide contract matters, but courts decide legal matters.

28. The Recognition clause of the CBA applies to all production, maintenance and laborers of the plant and to "…rates of pay, hours of work, and adjustment of all grievances which arise between the parties." Art. II, §2.

29. The Management clause of the CBA vests the Employer with the exclusive authority to hire, promote, suspend or demote, discipline or discharge for proper cause… or for any other legitimate reason subject to the terms of the CBA. Art. III.

30. The CBA contains a Grievance clause that applies to "any employee covered by this Agreement". Art. VII. There is a Discharge clause tied to the Grievance clause in the CBA that applies to a method of resolving disputes. Art. VIII. In that clause, there are specifically listed offenses for just cause discharges. Every one of the fourteen (14) specific examples address conduct affecting the production of the plant. *Id.* Political activity occurring off premises is not listed.

31. The CBA contains an Anti-Discrimination Clause that does not address off-premises political activity. In relevant part it states that "in recognition of the practical and moral values of these responsibilities, the parties hereby affirm these commitments not to discriminate because of race, sex, color, creed, national origin or ancestry, disability, or veteran's status." Art. XVI, § 4.

32. From reading the CBA in its entirety, off-premise political activity that advocates discrimination of its employees and negatively impacts its business in not covered by the CBA, permitting the Employer to discharge based on its inherent authority that is recognized in the CBA.

33. Lodge 681 asks the Court to declare whether Cook's termination of Mr. Anderson's employment is beyond the scope of the CBA and, therefore, not subject to arbitration. In the alternative, Lodge 681 asks the Court to compel Cook to arbitrate Anderson's discharge grievance.

34. THEREFORE, Lodge 681 seeks judgment against Cook and Anderson:

1. Declaring the grievance related to Mr. Anderson's termination to be not arbitrable under the CBA; or

2. In the alternative, requiring arbitration of the discharge;

2. Awarding Lodge 681 attorneys' fees and costs of this suit against Cook; and

3. Awarding Lodge 681 any such further or other relief as the Court may deem proper.

April 23, 2021                                   Respectfully submitted,

 /s/ David O'Brien Suetholz
David O'Brien Suetholz, (IN # 25397-10)
BRANSTETTER, STRANCH & JENNINGS, PLLC
515 Park Avenue
Louisville, Kentucky 40208
Telephone: (502) 636-4333

Karla Campbell (TN #97270) *
BRANSTETTER, STRANCH & JENNINGS, PLLC
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
karlac@bsjfirm.com

**pro have vice* forthcoming

***Counsel for Plaintiff***