UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| KENTUCKY LODGE NO. 681, INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL-CIO,<br><br>*Plaintiff*,<br><br>v.<br><br>DYLAN ANDERSON and COOK COMPRESSION,<br><br>*Defendants*.<br><br>DYLAN ANDERSON,<br><br>*Cross-Claimant*,<br><br>v.<br><br>COOK COMPRESSION,<br><br>*Cross-Defendant*. | No. 4:21-cv-00066-JMS-KMB |

**ORDER**

Defendant/Cross-Claimant Dylan Anderson seeks declaratory relief that his former employer Co-Defendant/Cross-Defendant Cook Compression ("Cook") is required to arbitrate his grievance for wrongful termination under the terms of a collective bargaining agreement ("CBA") that Cook entered into with Plaintiff Kentucky Lodge No. 681 of the International Association of Machinists and Aerospace Workers, AFL-CIO ("Lodge 681"). [Filing No. 63.] Presently before the Court is Cook's Motion for Summary Judgment, which is ripe for the Court's review. [Filing No. 91.]

1

# I.
## STANDARD OF REVIEW

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Johnson v. Cambridge Indus.*, 325 F.3d 892, 901 (7th Cir. 2003). "'Summary judgment is not a time to be coy.'" *King v. Ford Motor Co.*, 872 F.3d 833, 840 (7th Cir. 2017) (quoting *Sommerfield v. City of Chicago*, 863 F.3d 645, 649 (7th Cir. 2017)). Rather, at the summary judgment stage, "[t]he parties are required to put their evidentiary cards on the table." *Sommerfield*, 863 F.3d at 649.

The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011).

Each fact asserted in support of or in opposition to a motion for summary judgment must be supported by "a citation to a discovery response, a deposition, an affidavit, or other admissible evidence." S.D. Ind. L.R. 56-1(e). And each "citation must refer to a page or paragraph number or otherwise similarly specify where the relevant information can be found in the supporting evidence." *Id.* The Court need only consider the cited materials and need not "scour the record" for evidence that is potentially relevant. *Grant v. Trustees of Ind. Univ.*, 870 F.3d 562, 572-73 (7th Cir. 2017) (quotations omitted); *see also* Fed. R. Civ. P. 56(c)(3); S.D. Ind. L.R. 56-1(h).

Where a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact, the Court may consider the fact undisputed for purposes of the summary judgment motion. Fed. R. Civ. P. 56(e)(2).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Hampton v. Ford Motor Co.*, 561 F.3d 709, 713 (7th Cir. 2009). In other words, while there may be facts that are in dispute, summary judgment is appropriate if those facts are not outcome determinative. *Harper v. Vigilant Ins. Co.*, 433 F.3d 521, 525 (7th Cir. 2005). Fact disputes that are irrelevant to the legal question will not be considered. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## II.
## STATEMENT OF FACTS[1]

The following factual background is set forth pursuant to the standard detailed above. The facts stated are not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light most favorable to "the party against whom the motion under consideration is made." *Premcor USA, Inc. v. Am. Home Assurance Co.*, 400 F.3d 523, 526-27 (7th Cir. 2005).

### A.   Mr. Anderson's Grievance under the CBA

Mr. Anderson is a machinist formerly employed by Cook. [Filing No. 76-1 at 1.] Lodge 681 and Cook are parties to the CBA, which requires Lodge 681 to "represent[] machinists and

---

[1] The Court notes that neither Cook nor Mr. Anderson designated evidence in support of or against summary judgment as required by Federal Rule of Civil Procedure 56 and Local Rule 56-1. [*See* Filing No. 92.] While the Court need not "scour every inch of the record" for potentially relevant evidence, *Johnson v. Cambridge Indus., Inc.,* 325 F.3d 892, 898 (7th Cir. 2003), the Court includes the following statement of facts from the record before the Court on Lodge 681's Motion for Summary Judgment, [*see* Filing No. 84].

3

other production employees" who are members of the collective bargaining unit, such as Mr. Anderson, for issues arising out of the CBA. [Filing No. 76-5 at 1-2.] Mr. Anderson was terminated by Cook for certain off-duty speech. [Filing No. 76-3 at 1-2.] When Mr. Anderson submitted a grievance for wrongful termination, Lodge 681 demanded arbitration on his behalf but Cook refused to arbitrate Mr. Anderson's grievance. [Filing No. 76-5 at 2; Filing No. 81-13.]

**B.     This Lawsuit**

Lodge 681 filed a Complaint for Declaratory Relief, seeking clarification of its obligations under the CBA. [Filing No. 1.] Mr. Anderson filed a Cross-Claim and then an Amended Cross-Claim against Cook, seeking declaratory relief that Cook is required to arbitrate his grievance under the terms of the CBA. [Filing No. 39; Filing No. 63.]

Lodge 681 subsequently moved for summary judgment regarding the arbitrability of claims arising out of the CBA, [Filing No. 76], which the Court granted (the "Prior Order"), [Filing No. 84]. Specifically, the Court found in the Prior Order that neither Lodge 681 nor Cook were required to arbitrate Mr. Anderson's grievance because neither Lodge 681 nor Cook desired to arbitrate. [Filing No. 84 at 21.] However, the Court emphasized that Mr. Anderson had not brought a claim against Lodge 681 for breach of the duty of fair representation. [Filing No. 84 at 20.] The Court further determined that the merits of Mr. Anderson's Amended Cross-Claim against Cook were not before the Court and, therefore, Mr. Anderson's Amended Cross-Claim would remain pending. [Filing No. 84 at 20.]

Cook sought leave to seek summary judgment as to Mr. Anderson's Amended Cross-Claim. [Filing No. 87.] Mr. Anderson sought additional time to respond to Cook's request, [Filing No. 88], but failed to file a response. The Court granted Cook's Motion for Leave and deemed Cook's

Motion for Summary Judgment relating to the Amended Cross-Claim filed as of January 3, 2023. [Filing No. 90.] Mr. Anderson then failed to respond to Cook's Motion for Summary Judgment.

## III.
### DISCUSSION

Cook argues that summary judgment is appropriate as to Mr. Anderson's Amended Cross-Claim because Mr. Anderson has "never . . . cited any case or statutory authority" in support of his Amended Cross-Claim and failed to renew his allegation that Lodge 681 did not adequately represent him. [Filing No. 92 at 1.] Additionally, Cook argues that the Prior Order "disposes of Mr. Anderson's claim that [Cook] is obligated to arbitrate his grievance" because the Court previously found that "Mr. Anderson is not a party to the [CBA] and has not properly asserted that he has a right to demand arbitration." [Filing No. 92 at 2.]

Mr. Anderson did not respond to Cook's Motion for Summary Judgment, and the time to do so has now passed.

### A. Mr. Anderson's Failure to Respond

The Court begins by discussing the impact of Mr. Anderson's failure to respond to Cook's Motion for Summary Judgment. It is well settled in the Seventh Circuit that a party's failure to respond to an opposing party's argument implies concession. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("[f]ailure to respond to an argument . . . results in waiver," and "silence leaves us to conclude" that the silent party is making a concession). However, "[e]ven where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (internal citation omitted).

Because Mr. Anderson failed to file a response to Cook's Motion for Summary Judgment, the Court considers Cook's Motion to be unopposed and the allegations in Cook's Motion are

5

"admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); S.D. Ind. L.R. 56-1(b). Accordingly, the Court turns to the merits of Cook's arguments in support of summary judgment.

### B. Mr. Anderson's Failure to Support and Preserve His Amended Cross-Claim

The Court begins by addressing Cook's arguments that Mr. Anderson failed to support his Amended Cross-Claim and preserve his allegation that Lodge 681 failed to represent him adequately. A party seeking relief must file a pleading containing "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Then to preserve that claim, the party seeking relief must include that claim in their Statement of Claims, or the claim may be deemed abandoned. *See Jackson v. Regions Bank*, 838 F. App'x 195, 198 (7th Cir. 2021) (finding "no abuse of discretion in the district court's enforcement of its requirement that [the plaintiff] specifically state his theories of relief" in his Statement of Claims). Finally, a party may fail to preserve their claim by failing to advance, support, and meaningfully develop arguments supporting that claim in response to summary judgment. *See Rock Hemp Corp. v. Dunn,* 51 F.4th 693, 704 (7th Cir. 2022).

Under Section 301 of the Labor Management Relations Act, an employee may bring a claim that their employer breached the terms of a collective bargaining agreement only if the employee alleges that their union also breached its duty of fair representation to the employee. *Yeftich v. Navistar, Inc*., 722 F.3d 911, 914 (7th Cir. 2013) (citing *Vaca v. Sipes*, 386 U.S. 171 (1967)). Often referred to as "hybrid claims," these claims require the employee to allege both that their employer violated a collective bargaining agreement, and that their union breached its duty of fair representation. *Id*.; *Rutherford v. Judge & Dolph Ltd.,* 707 F.3d 710, 715 (7th Cir. 2013). If an employee cannot show that the union breached its duty of fair representation, their

claims against his employer "necessarily fail." *Evans v. U.S. Postal Serv.*, 219 F. App'x 527, 529 (7th Cir. 2007). This showing is necessary regardless of whether the employee names the union as a defendant in their suit. *Id.*; *Yeftich,* 722 F.3d at 914.

Here, Mr. Anderson alleged in his Statement of Claims that "no reasonable interpretation" of the CBA permits Cook to terminate him for lawful, off-duty activities and that Lodge 681 failed to adequately represent him based on its actions during the course of this litigation. [Filing No. 56 at 2.] Mr. Anderson then filed his Amended Cross-Claim, which reiterated his allegations against Cook but failed to reallege that Lodge 681 inadequately represented him. [Filing No. 63 at 3.] The Court previously advised Mr. Anderson that his Statement of Claims was not a pleading and "does not constitute a counterclaim by him against Lodge 681." [Filing No. 84 at 20 (*citing Sturm v. City of Indianapolis*, 2016 WL 2894434 at *12 (S.D. Ind. May 18, 2016)).] Because Mr. Anderson has failed to preserve an essential element to his Amended Cross-Claim, the Court finds that no reasonable fact-finder could return a verdict in his favor and, therefore, his Amended Cross-Claim fails as a matter of law. *Nelson*, 570 F.3d at 875.

### C. The Application of the Prior Order

The primary focus of Cook's Motion for Summary Judgment is its argument that the Prior Order "disposed" of Mr. Anderson's Amended Cross-Claim. [Filing No. 92 at 2.] "Under the law of the case doctrine, a court generally should not reopen issues decided in earlier stages of the same litigation." *United States v. Harris*, 531 F.3d 507, 512–13 (7th Cir. 2008) (citing *Agostini v. Felton*, 521 U.S. 203, 236 (1997)); *accord Flynn v. FCA US LLC*, 39 F.4th 946, 953 (7th Cir. 2022). For the doctrine to be implicated, the issue must have actually been previously determined. *Med. Protective Co. of Fort Wayne, Indiana v. Am. Int'l Specialty Lines Ins. Co.*, 990 F.3d 1003, 1010 (7th Cir. 2021) (citing *Quern v. Jordan*, 440 U.S. 332, 347 n.18 (1979)). While the law of

the case doctrine is discretionary, courts generally do not reconsider their prior ruling absent a compelling reason, "such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 572 (7th Cir. 2006).

As discussed above, the Court determined in the Prior Order that only Cook and Lodge 681 were parties to the CBA, and that only the parties to the CBA have a right to demand arbitration. [Filing No. 84 at 12-15.] The Court concluded that if either Cook or Lodge 681 desired to arbitrate Mr. Anderson's grievance, it would be a matter that falls within the plain language of the CBA's arbitration provision. [Filing No. 84 at 15.] Since neither party to the CBA desired to arbitrate Mr. Anderson's grievance, the Court determined that there was no basis for it to require the parties to do so. [Filing No. 84 at 15.] Additionally, the Court determined that it could not address the merits of Mr. Anderson's grievance when determining whether a grievance is within the scope of the CBA's arbitration clause because "[d]ecisions on the merits are for an arbitrator." [Filing No. 84 at 19-20.]

Pursuant to the law of the case doctrine, the Court agrees with Cook that the Prior Order foreclosed the relief that Mr. Anderson seeks in his Amended Cross-Claim. The Court simply cannot declare that Cook is required to arbitrate Mr. Anderson's grievance when it has already determined that it has no basis to do so. Additionally, the Court previously determined that it is unable to reach to merits of Mr. Anderson's grievance in the context of the present dispute. Moreover, in light of Mr. Anderson's failure to respond to Cook's Motion, the Court finds he has waived any basis for the Court to revisit these conclusions. Therefore, the Court finds that Cook is entitled to judgment as a matter of law.

For the foregoing reasons, Cook's Motion for Summary Judgment is **GRANTED**.

## IV.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Cook's Motion for Summary Judgment, [91]. Because the Court has already granted summary judgment on the other claims at issue in this lawsuit and no claims remain pending, final judgment shall now issue.

Date: March 10, 2023

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**